IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Sharon D. Robinson, | ) | C/A No. 3:15-1398-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| City of Columbia, *an incorporated municipality*, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Sharon D. Robinson, filed this employment action alleging race discrimination pursuant to 42 U.S.C. § 1981 and a state law claim of gross negligence against Defendant City of Columbia. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendant's motion to dismiss. (ECF No. 5.) Robinson filed a response in opposition (ECF No. 7), and the defendant replied (ECF No. 8). Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion to dismiss should be granted.

## BACKGROUND

This action arises out of Robinson's employment with the City of Columbia Police Department. Robinson's allegations of discrimination surround her required annual qualification for her service weapon in November 2013. Robinson alleges that pursuant to "agency policy," a score of 188 or above is required for weapon qualification, and that on November 5, 2013, she scored a 187 because her weapon malfunctioned during the qualification and Sergeant Howe declared that Robinson failed to qualify during the annual qualification as required by policy. Robinson alleges

that she was ordered to undergo forty hours of remedial weapons instruction pursuant to policy or custom. Robinson alleges that during the remedial instruction on November 11, 2013, she was never given any hands-on remedial training as required by agency policy and that she was sent back to qualify on her weapon on November 12, 2013, after "dry firing" her weapon for one day and after not receiving forty hours of remedial training. Robinson alleges that while at the range on November 12, 2013, she overheard Howe say, "She's not going to pass." Robinson states that during this qualification attempt she initially obtained a score of 171 and then she obtained a score of 201; however, she believes Howe wrote "No time Limit" on her score card, making it appear that she had failed to qualify for a second time. Robinson alleges that she attempted to qualify a third time on November 14, 2013 with Officers Dirnbauer and Mahon, but during the attempt Dirnbauer stopped the course and stated that Robinson and another female officer had exceeded the time for qualifying. Robinson alleges that despite the course being stopped, she scored a qualifying score of 201 but was required to fire again. Robinson states that she was upset and failed to qualify on this attempt. Robinson alleges that on November 15, 2013, she was assigned to the Telephone Response Unit and was not allowed to carry a service revolver.

     Robinson further alleges that on April 23, 2014, she and another female returned to the range for Robinson's fourth attempted weapon qualification, during which Robinson scored 201 on the second attempt and was informed by Sergeant Jolly that she passed weapons qualification. Robinson believes that Jolly processed the paperwork from this attempt and sent it to Captain Eargle for further processing; however, Robinson alleges that Eargle refused to process the qualifying score paperwork and returned it to Jolly with the requirement that Robinson and the other female shoot three qualifying scores in a row. Robinson alleges that the three-in-a-row standard does not apply to white

males or females in the Columbia Police Department, but was instituted against Robinson and at least one other black female police officer.

Robinson alleges that she complained to her superior officers, including Captain Thornton, of her treatment. Robinson states that after meeting with her, Thornton stated that Robinson and another female would be given extra training and five chances to get three qualifying scores in a row to qualify with their service weapon. Robinson alleges that to receive the extra training, Thornton required Robinson to provide her own ammunition and target sheets at her own financial expense. Robinson states that she returned to the range on September 24, 2014 for her fifth weapon qualification attempt and upon arriving was informed that her weapon was not present for the qualification, and she was required to use a weapon that was not hers. Robinson alleges that she could not transport her own weapon to the range because she was not permitted to carry a service weapon and that she was not successful in qualifying under the three in a row standard. Robinson alleges that she planned to return to the range on October 7, 2014 for her sixth qualification attempt, but Thorton stopped her and informed her she was no longer allowed to attempt qualification despite his earlier statement that she would be given five attempts.

Robinson alleges that she is precluded from being a Class 3 Police Officer as a result of not obtaining weapon qualification, and the only position being offered to her is that of Community Safety Officer.

## DISCUSSION

**A.     Motion to Dismiss Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of



Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court "may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

Additionally, at the pleading stage, a plaintiff is generally not required to allege facts which, taken as true, would establish a *prima facie* case. See McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin., 780 F.3d 582, 585 (4th Cir. 2015) (holding that a plaintiff is not required to "plead facts establishing a *prima facie* case of discrimination to survive a motion to dismiss"); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002). However, as indicated above, a plaintiff must include factual averments that raise his claims above the speculative level, see Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), and nudge his claim "across the line from conceivable to plausible." Iqbal, 556 U.S. at 683 (quoting Twombly, 550 U.S. at 570). Thus, to survive a motion to dismiss, a plaintiff's factual averments must fall on the spectrum somewhere above purely speculative and conjectural conclusions but below strict

assertions of *prima facie* elements.  In determining whether a plaintiff's allegations are sufficient to state a plausible claim for relief, courts must use their common sense and judicial experience.  See Iqbal, 556 U.S. at 679.

**B.     The City's Motion**

With regard to Robinson's § 1981 claim, the City argues that Robinson does not have a contractual right, cannot establish an adverse employment action, and cannot establish intentional discrimination, all of which the City argues is required for seeking relief under 42 U.S.C. § 1981. Pertinent here, § 1981 protects the rights of all persons to "make and enforce contracts" without respect to race.  42 U.S.C. § 1981(a).  Generally, to state a claim under § 1981, a plaintiff must establish "purposeful, racially discriminatory actions that affect at least one of the contractual aspects listed in § 1981(b)."  Spriggs v. Diamond Auto Glass, 165 F.3d 1015, 1018 (4th Cir. 1999).  Thus, a plaintiff must plausibly allege facts showing that the defendant intended to discriminate against her on the basis of race and that the discrimination concerned her right to enforce or make contracts.

The court agrees that Robinson has failed to plausibly allege that the City intended to discriminate against her on the basis of race.[1]  As an initial matter, Robinson brings her claim under § 1981, but concedes that "when suit is brought against a state actor, § 1983 is the exclusive federal remedy for violation of the rights guaranteed in § 1981."  (Pl.'s Resp. Opp'n Mot. to Dismiss at 7 n.2, ECF No. 7 at 7 n.2) (quoting Dennis v. Cty. of Farifax, 55 F.3d 151, 156 (4th Cir. 1995)).  In Monell v. Department of Social Services., 436 U.S. 658 (1978), the United States Supreme Court held that a municipality or other local governmental entity may be liable under § 1983 for the

---

[1] Contrary to the City's first argument, the court finds that Robinson has plausibly alleged a contractual right.  See Spriggs, 165 F.3d at 1018-19 (stating that at-will employment relationships may "serve as predicate contracts for § 1981 claims").



violation of a plaintiff's constitutional rights "only where the constitutionally offensive acts of city employees are taken in furtherance of some municipal 'policy or custom.' " Milligan v. City of Newport News, 743 F.2d 227, 229 (4th Cir. 1984) (quoting Monell, 436 U.S. at 694); see also Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Walker v. Prince George's Cty., 575 F.3d 426, 431 (4th Cir. 2009). Thus, a plaintiff who seeks to assert a § 1983 claim against a municipality for acts done by a municipal official or employee is obliged to identify a municipal policy or custom that caused the plaintiff's injury. Moreover, "municipalities are not liable pursuant to *respondeat superior* principles for all constitutional violations of their employees simply because of the employment relationship." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999) (citing Monell, 436 U.S. at 692-94).

In this case, Robinson has failed to identify any constitutionally offensive acts taken *in furtherance* of a municipal policy or custom. The only allegations in the Complaint referencing a policy allege that "[p]ursuant to agency policy, a score or 188 [*sic*] above is required for weapon qualification" and "[p]ursuant to agency policy or custom, Plaintiff was ordered to undergo 40 hours of remedial weapons instructions." (Compl. ¶¶ 9, 11, ECF No. 1 at 2; see also Compl. ¶ 36, ECF No. 1 at 6.) Robinson alleges that she was not given remedial training as required by the policy. (See Compl. ¶¶ 12, 37, ECF No. 1 at 2, 6.) Therefore, the facts alleged do not show any discrimination pursuant to a policy; rather, they show that certain individuals *failed to follow* or properly apply the policy for discriminatory reasons. Thus, it is not any municipal policy that caused her harm; by her own pleading, it is the employees' *failure to follow* a policy that is the subject of her Complaint. This type of discriminatory behavior cannot support a § 1981 or § 1983 claim under Monell. See Monell, 436 U.S. at 694 ("We conclude, therefore, that a local government may not be



sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). No other City policy or custom is alleged in the Complaint. Robinson's general contention that the alleged racial discrimination "was caused by the policies and customs" of the defendant is wholly unsupported by her factual allegations in the Complaint. (See Compl. ¶ 40, ECF No. 1 at 7.) Consequently, Robinson has failed to allege a plausible § 1981 or § 1983 claim.

In light of the recommendation that the defendant's motion to dismiss be granted as to Robinson's federal claim, the court should decline to exercise supplemental jurisdiction over Robinson's state law claim. See 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

### RECOMMENDATION

For the foregoing reasons, the court recommends that the defendant's motion to dismiss (ECF No. 5) Robinson's § 1981 claim for failure to state a claim be granted, and that the court decline to exercise supplemental jurisdiction over Robinson's state law claim.

November 5, 2015  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).