IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Sharon D. Robinson, | ) | C/A NO. 3:15-1398-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| City of Columbia, an incorporated municipality, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's complaint asserting a violation of 42 U.S.C. § 1981 and a state law claim. Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), to which Plaintiff responded and Defendant thereafter replied. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(g), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report") on dispositive issues. On November 5, 2015, the Magistrate Judge issued a Report recommending that Defendant's motion to dismiss be granted and that the court decline to exercise supplemental jurisdiction over Plaintiff's state law cause of action. ECF No. 9. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed objections to the Report on November 23, 2015.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

1

determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to the objections made, and considering the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the Report's recommendation that Defendant's motion to dismiss should be granted and the court should decline to exercise supplemental jurisdiction over Plaintiff's state law cause of action. Accordingly, the court adopts the Report by reference in this Order.

Plaintiff argues that she has sufficiently pleaded a cause of action under 42 U.S.C. § 1981, and that if her current complaint is deficient, a better course of action would be for the court to "grant Plaintiff's Motion to Amend, to be filed subsequent to this pleading . . . ." Obj. at 3, ECF No. 12. Plaintiff contends that the complaint adequately alleges that the purported discrimination was caused by the customs and policies of Defendant. However, as noted by the Report, the only "policies" noted by the complaint are those of a required score to be weapon qualified and that "[p]ursuant to agency policy or custom, Plaintiff was ordered to undergo 40 hours of remedial weapons instruction[,]" Compl. at ¶ 35, ECF No. 1. Plaintiff does not allege, for example, that the policy of Defendant was to discriminate against African-American officers in the terms and conditions of employment by making it more difficult for African-American officers to receive weapons training and certification.

As to amendment of the complaint, Plaintiff has failed to establish how amendment could cure the deficiency. A nebulous "motion to amend, to be filed subsequent to this pleading" is

insufficient to overcome Defendant's motion to dismiss.

Accordingly, Defendant's motion to dismiss is **granted** as to Plaintiff's federal cause of action and it is dismissed with prejudice. Pursuant to 28 U.S.C. § 1367(c)(3), the court declines to exercise supplemental jurisdiction over Plaintiff's state law claim, and it is dismissed without prejudice.

**IT IS SO ORDERED.**

                                              s/ Cameron McGowan Currie
                                              CAMERON McGOWAN CURRIE
                                              SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 2, 2015